## HICKS *v.* ZION ET AL.

RAILROAD.—*Tax in Aid of.—Indemnity Bond.—Action on by Tax-Payer.—Pleading.*—A bond was executed by the officers of a railroad company, as obligors, to certain tax-payers, as obligees, reciting, that the board of commissioners of the county wherein such tax-payers resided had ordered a special tax to be levied on the property of the obligees, and immediately collected, to aid in the construction of such company's railroad, and that one of said tax-payers, for himself and the others, had appealed from such order, which would occasion delay and injury to the interests of the obligors, and stipulating, that, if such tax-payer would "dismiss his said appeal, and thereby permit" the collection

of such tax, and if such obligees, naming them, would "pay the special tax so ordered to be collected by said board, for the purpose aforesaid," the obligors would refund to such tax-payers, on or before a day named, "severally, the taxes they may severally pay for said purpose into the county treasury," if such railroad was not completed to a certain point in such county, by said day. The complaint, in an action on such bond by one of such tax-payers, failed to allege, that the entire special tax had been paid by the obligees.

*Held,* that the complaint was defective for this reason, as the bond contemplated the payment of the whole of such tax.

From the Montgomery Circuit Court.

*M. D. White, S. C. Willson* and *L. B. Willson,* for appellant.

*P. S. Kennedy* and *W. T. Brush,* for appellees.

PERKINS, J.—The plaintiff filed his complaint, as follows:

"Preston Hicks, the plaintiff above named, complains of the above named defendants, and for cause of action alleges, that, on the 16th day of December, A. D. 1873, the said defendants made and executed their certain instrument in writing, a copy of which is filed herewith and made a part hereof, marked 'Exhibit A,' by which the said defendants, in consideration of the dismissal of certain legal proceedings therein mentioned, then pending, and the payment by this plaintiff and others of certain sums of money assessed and levied as a special tax upon the property of this plaintiff and other persons named with plaintiff in the said instrument in writing, agreed and promised to pay back to this plaintiff, and to such of the other persons named with plaintiff in said instrument in writing, severally, the sum or sums of money this plaintiff and each of the said other persons might be compelled to pay, or might pay, by reason of said special tax, in case the railroad known as the Anderson, Lebanon and St. Louis Railroad should not be completed, and the cars running on the same to the town of Ladoga, in Montgomery county, Indiana, by the 31st day of December, A. D. 1875; and plaintiff avers, that, in consideration of the execution of said instrument in writing by said defendants, and relying on the faithful performance, by said defendants, of the agreements therein contained, this plaintiff, as one of the parties

to the said legal proceedings, and all the other parties interested with him in said legal proceedings, had consented to the dismissal thereof, and that the said legal proceedings, in said instrument in writing mentioned, were thereupon dismissed; that the plaintiff, and all the other persons interested with him in said instrument in writing, relying, as aforesaid, on the faithful performance by the said defendants of their said agreement, have paid into the county treasury of Montgomery county, Indiana, the several sums of money assessed against them by reason of said special tax; and the plaintiff avers, that his proportion of said special tax amounted to the sum of ninety-nine $\frac{60}{100}$ dollars, which said sum of money he, as aforesaid, paid into said county treasury, on the 16th day of April, A. D. 1874; and plaintiff avers, that the said Anderson, Lebanon and St. Louis Railroad was not, on the said 31st day of December, A. D. 1875, completed to said town of Ladoga, in said county, nor were the cars, or any cars, running or being run on the same to the said town at that date, and that said railroad has not since been, and is not now, completed to said town of Ladoga, nor have any cars ever been run thereon to said town; and plaintiff alleges, that said defendants have failed, neglected and refused, and do still fail, neglect and refuse, to refund or pay back to said plaintiff the said sum of ninety-nine $\frac{60}{100}$ dollars, or any part thereof.

"Wherefore, by reason of the premises, the said plaintiff says he has been damaged in the sum of two hundred dollars; plaintiff therefore demands judgment for the sum of two hundred dollars, for his costs herein, and for all other proper relief."

The complaint contained a second paragraph.

A demurrer was sustained to both paragraphs.

A copy of "Exhibit A," on which the action is founded, is as follows:

"Whereas, on the 30th day of October, 1873, at a special session of the board of commissioners of Montgomery county, Indiana, ordered and directed, that a tax of one per cent.,

previously levied by an order of said board of commission-
ers of said county, upon the property of the tax-payers of
Clark and Scott townships, in said county of Montgomery,
to aid in the construction of the Anderson, Lebanon & St.
Louis Railroad through said townships, (one per cent. of
which said special tax was then on the tax duplicate of said
county, but its collection suspended by an order made Feb-
ruary ——, 1873,) should be collected at once; and,

" Whereas Drake Brookshire, on behalf of himself and
other tax-payers of said Clark and Scott townships, on the
29th day of November, A. D. 1873, appealed from the order
and decision of said board ordering the immediate collection
of said special tax; and,

" Whereas William Zion, D. Kenworthy, M. M. Henry,
Thos. H. Messick, M. B. Anderson and J. F. Harney,
being officers of said railroad company, and a part of them
also being citizens of said Clark and Scott townships, and
owning property therein that would be greatly enhanced in
value by the construction of said railroad through said
townships, and being greatly interested, pecuniarily and
otherwise, in the progress and construction of said road, and
the same being likely to be greatly delayed, and probably
defeated, by the prosecution of said appeal: Now, in consid-
eration of the interest the undersigned have in the collection
of said tax for the purpose aforesaid, and that the said Drake
Brookshire will dismiss his said appeal, and thereby permit,
and the said Drake Brookshire and Isaac Carman, D. W.
Rouk, Perry Yelton, Madison Sharpe, Thomas Rose, John
Graves, James Rouk, Thomas Peffley, Nat. Hulett, Preston
Hicks, T. B. Stephens, James Mamurs, William Utterback,
G. W. Staton, Henry Rogers, H. C. Rogers, James C.
Rogers, G. S. Davidson, J. R. Davidson, Wm. Britton,
Thomas Staton, Haney Miller, Jos. Staton, W. H. Rogers,
Wm. McIver, James McIver, Jerry O'Connor, Samuel Wyatt,
J. W. Davidson, Ben. T. Clark, Wm. Ewing, Wesley Cun-
ningham, James Ford, David Gordon, William Barnard, Wm.

McCameron, H. M. Davis, Dudley Young, George Morris, Henry Otterman, Martha Winter, Jackson Weekley, John Sharp, Morgan Dent, Jas. Carman, Orgus Davis, S. G. Cook, J. L. White, Jos. Robbins, Perry Sharp, Robert Standford, F. M. Otterman, T. R. Rouk, Samuel Rouk, George Mitcheltree, Wm. P. Rouk, S. F. Peffley, Thomas A. Rains, Alfred Rose, Charles Lewis, Linsey Rogers, Huston McCrory, John McCrory, James McCrory, Wm. A. Brown, Oliver Clark, James Clark, M. W. Doherty, Wm. Dean, Joel C. Harshbarger, James H. Starke, Wesley Grantham, I. M. Porch, James Doherty, Samuel Stover, Abram Byrd, Lafayette Young, H. C. Barnes, Agnes Graves, Sarah Rains, and Jesse Rains, will pay the said special tax so ordered to be collected by said board, for the purpose aforesaid; we agree and promise to refund and pay back, to the said Drake Brookshire and the other persons above named, on or before the 31st day of December, 1875, severally, the taxes they may severally pay for said purpose, into the county treasury; Provided, and this agreement is upon the express condition, that said railroad shall not be completed and the cars running on the same, to the town of Ladoga, in said Clark township, by the 31st day of December, 1875; and they further agree to pay all expenses incurred by said Drake Brookshire, in and about his said appeal.

"Witness our hands, this 16th day of December, 1873.

"WM. ZION.
"D. KENWORTHY.
"M. M. HENRY.
"THOS. H. MESSICK.
"M. B. ANDERSON.
"J. F. HARNEY."

The sustaining of the demurrer to the complaint is assigned for error, in this court. The court did not err in sustaining the demurrer to the complaint. It contained no cause of action. The bond required the payment, by the plaintiff and others named, of the entire amount of the special tax

named.   It is not averred, that this requirement had been complied with.   Both paragraphs of complaint were bad.

The judgment is affirmed.

### ON PETITION FOR A REHEARING.

PERKINS, J.—An earnest petition for a rehearing is filed in this case, and we have given it careful consideration.

The suit is upon a bond.   The court below, upon its construction and interpretation of the bond, sustained a demurrer to the complaint, and there was final judgment for the defendants, from which an appeal was taken to this court, where the judgment of the court below was affirmed.

It is contended that both the court below and this court misinterpreted the bond.   It is admitted that the courts are right upon the language of the bond; but it is claimed that the language ought not to govern.   No extrinsic facts are set before the court, to aid it in giving an interpretation and construction to the bond,—nothing outside of its own recitations.   It appears that a railroad, called the Anderson, Lebanon and St. Louis Railroad, was being constructed; that it was to pass through Clark and Scott townships, in Montgomery county; that a special tax, to aid in the construction of said road, had been levied in those townships; that the county commissioners had ordered its immediate collection; and that an appeal had been taken from the order, which had the effect to stop the collection of the tax.   Officers of the road, and persons interested in its construction, agreed with a number of persons, including the appellant, that, if they would dismiss the appeal, and pay the special tax assessed in those townships, the obligors in the bond would pay the costs on the dismissal of the appeal, and pay back to said obligees, severally, the portions of said special tax they might pay, if said road was not completed, by a given day, to Ladoga.   Now, what was the object to be accomplished by this arrangement?   It was that the railroad company might certainly get the amount of this special tax, and in a

reasonable time, with which to build the road to Ladoga by a given day. This is the language of the contract, and it seems to us, the language expresses the spirit of it.

But it is argued in the petition that the expression in the contract, "will pay the said special tax so ordered to be collected by said board, for the purpose aforesaid," should read, "will pay their special tax so ordered," etc., so as to limit the obligation to pay to the amounts severally assessed against them; but it does not appear that that sum would enable the company to complete the road to Ladoga, by a given day. We are not able to perceive, that, from a consideration of the entire instrument, any inference can be drawn, that its language does not express the intention of the parties to it.

The petition is overruled.